ZINTER, Justice
(concurring specially).
[¶ 24.] I join the opinion of the Court. I write only to address the dissent’s contention that Instructions 13 and 17 were irreconcilable on the requirement of proving knowing possession.
[¶ 25.] As the Court points out, Instruction 13 (as well as Instructions 2, 15, and 16) required the State to prove that Whistler knowingly possessed the controlled drug or substance. The dissent, however, contends that Instruction 17 contradicted Instruction 13 by “elimi-nat[ing] the State’s burden of proving that the possession was knowing.” See infra Dissent ¶ 29. The dissent describes Instruction 17 as eliminating the knowledge requirement because the instruction indicates “ ‘that [a positive urinalysis] may be sufficient in and of itself to prove ... knowing! ] ingestfion of] the ... substance! ]•” See infra Dissent ¶ 29. The dissent mischaracterizes Instruction 17.
[¶ 26.] Contrary to the dissent’s characterization, Instruction 17 did not indicate that a positive urinalysis proved the “knowing possession” element of the offense. Instruction 17 provided that “[i]n a charge of knowing possession of a controlled substance, a positive urinalysis that reveals the presence of controlled substances in a defendant’s urine may be sufficient in and of itself to support a conviction.” (Emphasis added.) The permissive words of the instruction — “may ... support a conviction” — indicated that the presence of controlled substances may, but did not necessarily, support a conviction.
[¶ 27.] Instruction 17 did not mention, and therefore did not link, a positive urinalysis with any element of the offense. Therefore, it did not give “the jury the option of disregarding an essential element of the offense.” See infra Dissent ¶ 31. Instruction 17 was silent on proof of the elements of the offense. As the Court points out, Instructions 2, 13, 15, and 16 identified and specifically required the jury to find proof of the elements of the offense, including knowing possession, beyond a reasonable doubt. Permissive Instruction 17 did not contradict these four mandatory instructions.
[¶ 28.] When correctly characterized and considered together, the instructions were complementary rather than irreconcilable. I therefore join the opinion of the Court.